# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID GREENWALD, individually | COMPLAINT |
| Plaintiff, | Case No. |
| v. | |
| | **JURY TRIAL DEMANDED** |
| DIEBOLD NIXDORF, INC. | |
| Defendant. | *ELECTRONICALLY FILED* |

# THIS FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A DEBT OWED TO OUR CLIENTS. ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THE PURPOSE OF COLLECTING THE DEBT.

Joseph C. Korsak, Esquire
Supreme Court Id: 22233
The Mazza Law Group, P.C.
2790 W. College Ave., Suite 800
State College, PA 16801
Phone: (814) 237-6255
Fax: (814) 237-5752
E-mail: korsak@mazzalaw.com

1

# NOTICE OF LAWSUIT AND REQUEST
# FOR WAIVER OF SERVICE OF SUMMONS

TO: DIEBOLD NIXDORF, INC.

A lawsuit has been commenced against you. A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Middle District and has been assigned docket number _____ for this case.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within thirty (30) days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the wavier is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from the date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

I affirm that this request is being sent to you on behalf of the Plaintiff this 30th day of October 2019.

By: /s/ Joseph C. Korsak
Joseph C. Korsak, Esquire
Supreme Court Id: 22233
The Mazza Law Group, P.C.
2790 W. College Ave., Suite 800
State College, PA 16801
Phone: (814) 237-6255
Fax: (814) 237-5752 E-mail:
korsak@mazzalaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID GREENWALD, Individually, | : : | |
| Plaintiff | : : | JURY TRIAL DEMANDED |
| v. | : : | Civil Action No. |
| DIEBOLD NIXDORF, INC. | : | Judge |
| Defendants | : | |

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A Defendant located in the United States who, after being notified of an action and asked by a Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A Defendant who waives service must within the time specified on the waiver form serve on the Plaintiff's attorney a response to the Complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that Defendant. By waiving service, a Defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

_____                    _____
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID GREENWALD, Individually, | : : | |
| Plaintiff | : : | JURY TRIAL DEMANDED |
| v. | : : | Civil Action No. |
| DIEBOLD NIXDORF, INC. Defendants | : : | Judge |

## COMPLAINT

DAVID GREENWALD, ("Mr. Greenwald" or "Plaintiff"), individually, by and through undersigned counsel, The Mazza Law Group, P.C., hereby files this Complaint ("Complaint") against DIEBOLD NIXDORF, INC. ("Diebold" or "Defendant"), and alleges violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 *et seq.* ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 § 260.1 *et seq.* ("PWPCL"), as well as common law claims of unjust enrichment, as follows:

## PARTIES

**A.  Plaintiff**

1. Mr. Greenwald was employed by Defendant from in or about July 15, 2016 through May 15, 2018. Mr. Greenwald is a resident of the

3

Commonwealth of Pennsylvania, residing at 2980 Port Matilda Highway, Philipsburg, Pennsylvania.

2. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendant for purposes of the FLSA, PMWA, and PWPCL, and was engaged in commerce as required by the FLSA, 29 U.S.C. §§ 206 and 207.

**B.    Defendants**

3. Diebold Nixdorf, Inc. is a business corporation formed under the laws of Ohio, with a registered business address and principal place of business of 5995 Mayfair Road, North Canton, Ohio.

4. Diebold Nixdorf, Inc. services ATM machines throughout the United States.

5. At all times relevant to this Complaint, Defendant has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

6. At all times relevant to this Complaint, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce. 29 U.S.C. § 203(s)(1).

7. At all times material hereto, Defendant has been an employer under the FLSA, the PWPCL, 43 P.S. § 260.2a, and/or the PMWA, 43 P.S. § 333.103(g).

8. Defendant has had, and continues to have, an annual gross income

of sales made or business done of not less than $500,000. 29 U.S.C. § 203(s)(1).

## JURISDICTION AND VENUE

9. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Subject matter jurisdiction over Plaintiffs' claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. The PMWA and PWPCL each provide for a private right of action to enforce their provisions. This Court has supplemental jurisdiction over Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

11. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because Defendants do business in this district, operate a business facility in this district, and substantial unlawful conduct giving rise to the claims set forth in this Complaint occurred in this district.

## BACKGROUND

12. Plaintiff was employed in Centre, Huntingdon, Blair and Clearfield Counties, Pennsylvania.

13. Plaintiff was employed as a technician between 2009 and 2018.

14. In 2016, Plaintiff was employed to work (40) hours a week. He was paid every two weeks at $19.00 per hour.

15. Every third week, Plaintiff was "on call" as follows: Monday through Friday, 5:00 p.m. to 11:00 p.m.; weekends, from 8:00 a.m. to 11:00 p.m.

16. Plaintiff was employed from July 15, 2016 through May 15, 2018.

17. Plaintiff was not paid for on call time.

18. All on call time constituted overtime hours, to be paid at time and a half.

19. Plaintiff was not paid for the on-call time.

20. While on call, Plaintiff was not free to engage in customary off time activities.

21. While on call, Plaintiff was not permitted to drink alcoholic beverages because he drove a company truck.

22. Because of short reporting time periods, Plaintiff was a captive in his own home.

23. Plaintiff's overtime rate was $28.50 per hour.

24. Plaintiff's on call time was 60 hours every third week.

25. Between July 2016 and May 2018, Plaintiff worked on call 29 weeks x $28.50 x 60 hours, for a total of $49,590.00

26. Defendant has willfully violated the FLSA, related federal regulations, and Pennsylvania wage and hour laws through their failure to properly

pay Plaintiff for all overtime hours he worked.

27. Defendant did not pay Plaintiff additional compensation of at least the legally mandated rate. Specifically, Defendant forced Plaintiff to work beyond his shift end time without pay. Defendant knew and has been aware at all times that Plaintiff regularly worked in excess of forty (40) hours per week, and yet failed to pay him for all overtime hours they worked.

28. In addition to the above violations of federal and state laws, Defendant's above actions constitute unlawful conversion because Defendant have improperly and intentionally diverted and retained monies owed to Plaintiff.

29. Further, in violation of federal and state laws, including without limitation, the FLSA and Pennsylvania wage and hour laws, Defendant did not post employees' rights posters and/or provide any required notices to employees regarding their rights under such laws.

30. The books and records of Defendant are material to Plaintiffs' case as they disclose the hours alleged to have been worked and wages paid to members of the State Class.

## **COUNT I**

### **VIOLATIONS OF THE FLSA**
### **(Overtime)**

31. All prior paragraphs are incorporated herein as if set forth fully below.

32. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

33. Plaintiff is an "employee" and Defendant is their "employer" covered under Section 203 of the FLSA.

34. The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

35. Section 13 of the FLSA exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff. 29 U.S.C. § 213.

36. As set forth above, Defendant failed to pay Plaintiff the required one and one-half times (1½) times for each hour worked in excess of forty (40) hours in a workweek, in violation of 29 U.S.C. §§ 207(a) and 215(a)(2). Overtime pay is, therefore, due and owing to Plaintiff.

37. Defendant's failure to pay Plaintiff overtime at one and one-half times (1½) times Plaintiff's regular rate of pay for all hours worked over forty (40)

hours in a workweek was willful, intentional, and malicious.

38. Defendant violated the FLSA by failing to pay for overtime. In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by its employees.

39. Plaintiff is entitled to damages incurred within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was prohibited by the FLSA.

40. Defendant has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b).

41. Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

42. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and

post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff, David Greenwald, respectfully requests that this Honorable Court enter Judgment in his favor and against Defendant, Diebold Nixdorf, Inc., as follows:

(a) Enter judgment in favor of Plaintiff for violations of the FLSA's overtime requirements;

(b) Award Plaintiff his unpaid overtime wages, in an amount to be shown at trial;

(c) Award Plaintiff an additional equal amount as liquidated damages;

(d) Award Plaintiff pre- and post- judgment interest at the legal rate;

(e) Award Plaintiff his costs and reasonable attorneys' fees in bringing this action;

(f) Enter an Order enjoining Defendant from future violations of the overtime wage provisions of the FLSA; and

(g) Award Plaintiffs any other relief this Court or a jury deems appropriate.

## **COUNT II**

**VIOLATIONS OF THE PMWA**
**(Overtime)**
**David Greenwald, individually, v. the Defendant**

43. All prior paragraphs are incorporated herein as if set forth fully below.

44. At all times material hereto, Plaintiff was entitled to the rights, protections, and benefits provided under the PMWA.

45. The PMWA regulates, among other things, the payment of overtime at the premium of one-and-a-half times the regular rate for time worked in excess of forty (40) hours in a week, to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 43 P.S. § 333.101 *et seq.,* 43 P.S. § 260.1 *et seq.*

46. Defendant was an "employer" as that term is defined under the PMWA, 43 Pa.C.S. § 333.103(g), and are thereby subject to and liable for overtime wages, liquidated damages, and reasonable attorneys' fees and other costs for non-payment of salary and/or wages under the PMWA, 43 Pa.C.S. §333.101 *et seq.*

47. As set forth above, Defendant violated the overtime provisions of the PMWA and the PWPCL as it failed to pay Plaintiff the required one and one- half times (1½) times for each hour worked in excess of forty (40) hours in a workweek, in violation of 43 Pa.C.S. § 333.104(c). Overtime pay is, therefore, due and owing

to Plaintiff.

48. As set forth above, Defendant further violated the PMWA through their failures to properly inform Plaintiff of his rights under the act which has prevented Plaintiff from obtaining all wages owed. 43 Pa.C.S. § 333.103(d)(1).

49. Defendant's failures to pay Plaintiff overtime at one and one-half times (1½) times Plaintiffs' regular rate of pay for all hours worked over forty (40) hours in a workweek and to properly inform Plaintiff and the State Class members of the applicable sections of the PMWA and was willful, intentional, malicious and not in good faith.

50. The total amount of compensation due to Plaintiff by Defendant constitutes wages under 43 Pa.C.S. § 333.103(d), and failure to pay the amount due constitutes a violation of the PMWA.

51. Defendant's failure and refusal to pay overtime wages was willful, intentional, and not in good faith.

WHEREFORE, Named Plaintiff respectfully requests that this Honorable Court enter Judgment in his favor and against Defendant, Diebold Nixdorf, Inc., as follows:

(a) Enter judgment in favor of Plaintiff against Defendant for violations of the PMWA's overtime requirements;

(b) Award Plaintiff his unpaid overtime wages where he was required to work more than forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period, in an amount to be shown at trial;

(c) Award Plaintiff liquidated damages as provided under Pennsylvania law;

(d) Award Plaintiff pre- and post- judgment interest at the legal rate;

(e) Award Plaintiff his costs and reasonable attorneys' fees in bringing this action;

(f) Enter an Order enjoining Defendant from future violations of the overtime provisions of the PMWA; and

(g) Award Plaintiff any other relief this Court or a jury deems appropriate.

## COUNT III

**VIOLATIONS OF THE PWPCL**
**(Failure to Pay Full Overtime Wages)**
**David Greenwald v. The Defendant**

52. All prior paragraphs are incorporated herein as if set forth fully below.

53. Defendant is an "employer" as that term is defined under the PWPCL, and is thereby subject to liability for wages, liquidated damages and

reasonable attorneys' fees for non-payment of salary and/or wages under the PWPCL, 43 Pa.C.S. § 260.1, *et seq*.

54. Plaintiff is entitled to be paid one and one-half times (1½) times his regular rate of pay for all hours worked in excess of forty (40) in a workweek, as provided by, *inter alia*, 43 P.S. § 260.2a. The failure to pay said wages constituting a violation of the PWPCL.

55. Defendants have failed to pay Plaintiff one and one-half times (1½) times his regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the PWPCL. Defendant has, therefore, failed to regularly pay Plaintiff for all earned wages from the date they were first employed, through and including the present, in violation of the PWPCL. Accordingly, wages in the form of overtime pay is due and owing to Plaintiff, pursuant to Section 260.3(a) of the PWPCL. Further, Defendant has violated the PWPCL through its failure to pay the all wages due for work they performed upon their termination of employment pursuant to Section 260.5(a) of the PWPCL.

56. The total amount due to Plaintiff constitutes wages under Section 260.2a. of the PWPCL, and failure to pay the amount due constitutes a violation of the PWPCL.

57. In accordance with Section 260.10 of the PWPCL, by reason of Defendants' actions, Plaintiffs and all State Class Members are entitled to

liquidated damages in an amount equal to twenty-five percent (25%) of the wages due in addition to all wages due.

58. In accordance with Section 260.9a of the PWPCL, by reason of Defendant's actions, Plaintiff is entitled to reasonable attorneys' fees associated with this action.

59. The wages withheld from Plaintiff were not the result of any bona fide dispute.

WHEREFORE, Plaintiff , respectfully requests that this Honorable Court enter Judgment in his favor and against Defendant, Diebold Nixdorf, Inc., as follows:

(a) Award Plaintiff liquidated damages in an amount equal to twenty-five percent (25%) of the wages due in addition to all wages due, in an amount to be shown at trial;

(b) Award Plaintiff pre- and post-judgment interest at the legal rate;

(c) Award Plaintiff his costs and reasonable attorneys' fees in bringing this action;

(d) Enter an Order enjoining Defendants from future violations of the wage provisions of the PWPCL; and

(e) Award Plaintiff any other relief this Court or a jury deems appropriate.

## COUNT IV

## UNJUST ENRICHMENT

60. All prior paragraphs are incorporated herein as if set forth fully below.

61. Defendants' willful decision not to pay overtime wages conferred a benefit upon Defendants, who retained a monetary benefit from not having to pay these wages.

62. Defendants appreciate and know of the benefit conferred upon them by requiring working in excess of forty (40) in a workweek without paying overtime wages.

63. Defendants have accepted and retained the benefit of the overtime wages they unlawfully withheld from Plaintiff. Defendant's wrongful acceptance and retention of such monies makes it inequitable for it to retain the benefit of these monies without paying these overtime wages to Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment in her favor and against Defendant, Diebold Nixdorf, Inc., as follows:

(a) Enter judgment in favor of Plaintiff and against Defendant for unjust enrichment;

(b) Award Plaintiff damages in the form of the monies for the hours he

was required to work in excess of forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period, in an amount to be shown at trial;

(c) Award Plaintiff pre- and post- judgment interest at the legal rate;

(d) Award Plaintiff his costs and reasonable attorneys' fees in bringing this action; and

(e) Award Plaintiff any other relief this Court or a jury deems appropriate.

# **JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable to a jury as a matter of right.

Respectfully submitted,
**The Mazza Law Group, P.C.**

*/s/ Joseph C. Korsak*
Joseph C. Korsak (PA 22233)
korsak@mazzalaw.com

2790 W. College Ave., Suite 800
State College, PA 16801
(814) 237-6255
(814) 237-5752 (Fax)

*Counsel for Plaintiffs*